368 P.2d 709

Sherman B. HINCKLEY and Bonneville On The Hill Company, Plaintiffs and Respondents,

v.

Robert B. SWANER, Peter B. Swaner, and North Point Consolidated Irrigation Company, Defendants and Appellants.

No. 9560.

Supreme Court of Utah.

Feb. 9, 1962.

---

James E. Faust, Salt Lake City, for appellants.

Marr, Wilkins & Cannon, Richard H. Nebeker, Salt Lake City, for respondents.

HENRIOD, Justice.

Appeal from a declaratory judgment stating that a majority vote of shareholders at a properly called meeting for the purpose, was sufficient to add a fifth director to a previous four-man directorship. Affirmed, with costs to plaintiffs.

The corporation's articles provide that "There shall be enacted by ballot *by the stockholders* * * * A Board of Directors consisting of not less than four nor more than six, and until otherwise determined *by the stockholders* * * * shall consist of four members."

The articles also provide that an amendment thereto shall be by two-thirds vote of the stockholders. Defendants urge that in order to have five directors instead of four, requires an amendment to the articles by a two-thirds majority vote.

Ordinarily the election of directors is shareholder-privileged.[1] The language quoted above makes it appear that so long as they keep within the four-six orbit, no amendment to the articles is necessary. Had the stockholders tried to elect only three, or more than six, or had the agenda called for a five-man board with the four to six escalator provision to be eliminated, defendants' contention would have merit. Otherwise not, and we so hold.

To argue that the phrase "and until otherwise determined by the stockholders * * * shall consist of four members" transmutes such usual prerogative of shareholders to elect directors by majority vote into a mandate that an amendment to the charter be required, seems unreasonable, unrealistic, offensive to the principle that language is to be construed according to its usual and ordinary meaning, and not consonant with the elementary concept that a primary function of shareholders is to elect directors through the democratic process respecting a simple majority.[2]

---

1. 13 Am.Jur. 855, Corporations, Sec. 867; Vol. 5, Sec. 2020, Fletcher, Cyclopedia of the Law of Corporation (1952 Rev. Vol.).
2. Fletcher, Cyclopedia of the Law of Corporation (1952 Revised Volume), supra, note 1: "It is of the essence of all elections that the will of the majority shall govern.' * * * Such majority of those present is sufficient to elect directors or other officers, or to decide any question unless there is some express provision to the contrary. * * *"; Standard Power and Light Corp. v. In-

WADE, C. J., and McDONOUGH and CROCKETT, JJ., concur.

CALLISTER, Justice (dissenting).

I dissent. As stated in the main opinion, a two-thirds vote of the stockholders is necessary to amend the articles of incorporation. In order to change the membership of the board of directors from four to five requires an amendment of Article XXI. Had this last-mentioned article merely contained the provision that the board consist of "not less than four nor more than six" and nothing more, I would agree that a simple majority vote of the stockholders could set the membership of the board at four, five, or six. Such action would not be an amendment. However, it cannot be denied that to change the minimum and maximum number of directors would require an amendment by a two-thirds vote of the stockholders.

In the instant case, the incorporators did not see fit to merely provide for a minimum and maximum number of directors, they went further and provided for a fixed number (four) to serve "until otherwise determined by the stockholders." This latter provision is as much a part of the article as the other and, to change it, must be amended by a two-thirds vote of the stockholders.

vestment Associates, 29 Del.Ch. 593, 51 A.2d 572 (1947); "Outstanding among the democratic processes concerning corporate elections is the general rule

that a majority of the votes cast at a stockholders' meeting, provided a quorum is present, is sufficient to elect Directors."